UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DEAN L. RECTOR,<br><br>Plaintiff,<br><br>v.<br><br>AMY BETH FUCIARELLI,<br><br>Defendant. | Case No. 26-11371<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER DISMISSING COMPLAINT [1]**

Dean L. Rector is currently incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan. Rector filed the present case pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), and the Rehabilitation Act (RA). (ECF No. 1.) He alleges that Michigan Department of Corrections Nurse Amy Beth Fuciarelli acted with deliberate indifference by misdiagnosing him with "TB" when he suffered from pneumonia.[1] (*Id.*) He sues Defendant Fuciarelli in her individual and official capacities. He seeks monetary and declaratory relief.

For the reasons that follow, the complaint will be summarily dismissed for failing to state a legally cognizable claim.

**I.**

The events giving rise to the complaint occurred on or about January 16, 2026, at the Cooper Street facility. (*Id.* at PageID.2.) Rector says that he was transported

[1] The Court presumes that "TB" is a reference to tuberculosis.

to the Henry Ford Hospital for treatment after Fuciarelli placed him in quarantine for TB. (*Id.* at PageID.3.) While at the hospital, his doctor diagnosed him with pneumonia. (*Id.*) When he was returned to the facility, he asked Fuciarelli why she had placed him in quarantine and she refused to answer the question. (*Id.*) When he asked her again, she told him it was because he had TB. However, Rector says that Fuciarelli changed her answer to pneumonia after reviewing the doctor's report. (*Id.*) Rector alleges that Fuciarelli's misdiagnosis amounted to deliberate indifference and violated his rights under the constitution, the ADA, and the RA. Additionally, he brings state law claims for medical malpractice, negligence, and intentional infliction of emotional distress.

**II.**

**A.**

Along with his complaint, Rector filed a motion to proceed without prepayment of the filing fee and costs (ECF No. 2), which Chief Magistrate Judge David R. Grand granted. (ECF No. 4); *see* 28 U.S.C. § 1915(a)(1). When a Court grants an application under 28 U.S.C. § 1915, it has an additional responsibility: screen the complaint and decide whether it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). The Court undertakes this analysis below.

**B.**

To state a civil rights claim under 42 U.S.C. § 1983, Rector must allege a violation of a federal statutory or constitutional right. *See, e.g., Ohio ex rel. Faulker v. City of Middletown*, 688 F. App'x 377, 380 (6th Cir. 2017) ("[R]elief under § 1983 is only available for violations of federal law." (citation omitted)); *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere."). Rector fails to do so and thus fails to state a plausible claim under § 1983.

**1. Deliberate Indifference to Serious Medical Needs**

Rector contends that Fuciarelli acted with deliberate indifference under the Eighth Amendment by misdiagnosing him with TB. (ECF No. 1, PageID.5.)

The United States Supreme Court has held that the "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal citation omitted). To demonstrate a violation of his right to medical care under the Eighth Amendment, a plaintiff must show a "sufficiently serious" need that the defendant responded to with "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834, 842 (1994). A prison official does not act with deliberate indifference unless "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference

could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Only acts or omissions that produce an "unnecessary and wanton infliction of pain" implicate the Eighth Amendment. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Thus, a prisoner cannot state a claim of deliberate indifference by suggesting that he was misdiagnosed or not treated in a manner he desired. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997) (finding "[m]isdiagnoses, negligence, and malpractice" are not "tantamount to deliberate indifference"). But that is the situation here. Even accepting that Rector has alleged that he suffered from a sufficiently serious medical need, he fails to show that Fuciarelli acted with the requisite risk to his health or safety. The only allegation in the Complaint is that, in treating Rector, Fuciarelli misdiagnosed him with TB and placed him in quarantine before transferring him to the hospital, where the staff informed him that he had pneumonia. (ECF No. 1, PageID.3–4.) Again, "the simple fact that a medical professional misdiagnosed a patient does not rise to the level of deliberate indifference. *Griffith v. Franklin County*, 975 F.3d 554, 573 (6th Cir. 2020).

Additionally, the law distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Therefore, if "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in

state tort law." *Id.; see also Howell v. NaphCare, Inc.*, 67 F.4th 302, 313 (6th Cir. 2023). While Fuciarelli may have been wrong in her initial diagnosis, this does not plead a plausible claim of deliberate indifference. The pleading also reveals that Rector received sufficient treatment. Because Rector has not pled more than mere negligence or misdiagnosis, his deliberate-indifference claim is dismissed.

**2. ADA/RA**

Rector broadly alleges that Fuciarelli discriminated against him under the ADA and the RA. (ECF No. 1, PageID.5.) He appears to assert that he has a qualifying disability because his medical history shows that he suffers from cancer, diabetes, and arthritis. (*Id.* at PageID.1.) "Because the ADA sets forth the same remedies, procedures, and rights as the Rehabilitation Act . . . claims brought under both statutes may be analyzed together." *Thompson v. Williamson County Tennessee*, 219 F.3d 555, 557 n.3 (6th Cir. 2000). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. In other words, the ADA "prohibit[s] public or federally funded entities, including prisons, from discriminating against disabled individuals while operating services or programs." *Finley v. Huss*, 102 F.4th 789, 819–20 (6th Cir. 2024) (internal citations omitted). Therefore, to state a claim under the ADA, "a plaintiff must establish that (1) he has a qualifying disability, (2) he is otherwise qualified for a program, and (3)

he was excluded from participation in, denied the benefits of, or subjected to discrimination under a program because of his disability." *Id.* at 820.

Here, Rector alleges no facts supporting an inference that Fuciarelli discriminated against him for a qualifying disability and excluded him from a program or denied him an accommodation. Conclusory allegations are insufficient to state a civil rights claim. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). Accordingly, Rector fails to state a claim under the ADA and RA.

**3. State Law Claims**

Lastly, Rector brings state law medical malpractice, negligence, and intentional infliction of emotional distress claims against Fuciarelli. Having dismissed Rector's claims under federal law, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *See, e.g.*, 28 U.S.C. § 1367(c)(3); *see also Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996) ("As a rule of thumb, . . . . [w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims.") (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)); *see also Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010).

**III.**

For the reasons stated, the Court DISMISSES Rector's federal claims under § 1983, the ADA, and the RA for failure to state a claim and declines to exercise supplemental jurisdiction over his state law claims. Accordingly, the complaint is

dismissed in full. The Court concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The Court also denies as moot Rector's motion for a docket status update (ECF No. 7).

SO ORDERED.

Dated: November 9, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE